D. C. CROWDER, Executor v. LUCY HAYSE, et al.

Western Section. November 15, 1928.

Petition for Certiorari denied by Supreme Court, February 23, 1929.

56

Ross & Ballew, of Savannah, and J. L. White, of Linden, for appellant.

Shelton & Harbert, of Savannah, for appellee.

OWEN, J. The complainant has appealed from a decree of the chancery court of Hardin county, wherein the complainant was adjudged to be in contempt of said court, the complainant had been ordered to pay certain funds into the treasury of said court by virtue of his being the executor of one Ned H. Hayse, the defendants are the widow and children of Ned H. Hayse, all of the parties are colored people.

The complainant filed his bill September 15, 1920, asking that the will of Ned H. Hayse be construed. It was alleged in the bill that a certain tract of land, described in the testator's will and devised to Kirby Hayse, a son of the testator, had been sold by the testator shortly after the execution of the will, this tract consisted of fifty acres and had been conveyed to one D. White for $3,100, and the complainant, as executor, asked for the advise of the court as to what disposition to make of the $3,100.

It appears that the testator had a number of children and he had willed to each one a tract of land. If the $3,100 was to be treated as personalty, then Kirby Hayse would lose his tract of land and his share of the estate would be unequal to the shares of his brothers and sisters. All of the testator's lands were subject to the life estate of his widow, Lucy Hayse.

The court entered a decree stamping the $3,100 as real estate. We quote from said decree as follows:

"It is, therefore, ordered, adjudged and decreed by the court that in lieu of said James Smith tract of land willed and devised to the said Kirby Hayse and then sold by the testator, the full amount of the purchase price therefor should be paid by the complainant as executor of the testator into this court, and to be and the same will be thereupon stamped as realty, and the executor on settlement of said estate will pay into the hands of the Clerk and Master of this court said sum of $3,100, and the same will be held by the Clerk and Master for and during the term of the natural life of the widow, Lucy Hayse, and will be lent at interest and the interest paid to her annually thereon for and during the term of her natural life, and at her death said sum will be paid to the said Kirby Hayse; or the widow will be entitled to the use of said fund, and the same

will be paid to her upon the execution of a note therefor to the Clerk and Master, with good and solvent sureties, to be renewed annually thereafter, and said sum stamped as real estate under this decree will stand as such at all times, subject to the orders and decrees of the court, and during the lifetime of the widow the interest and income therefrom to be for her use and benefit and at her death to be and will be paid to the said Kirby Hayse as herein decreed.''

It appears that the complainant did not pay any of the $3,100 into court and the defendants filed a petition asking that the complainant be cited for contempt. At the October term of 1923 the following decree was entered in this cause:

''It is therefore ordered by the court that the complainant pay into the hands of the Clerk and Master of this court the sum of thirty-one hundred ($3,100) dollars, as directed by said decree of October 1920, and that said payment be made not later than the first Monday in April, 1924, and also that he by that date state his account as the executor of N. H. Hayse, decedent, and pay into the hands of the Clerk and Master all of the funds and assets of said estate in his hands by the first Monday in April, 1924.''

It appears that the complainant made some payments in obedience to the order of the court but for some reason he became lax and did not pay in all the thirty-one hundred ($3,100) dollars, and at the October Term, 1926, the court decreed as follows:

''. . . D. C. Crowder is not present in court as he is under bond so to do, and that he was not present at the last term of this court; also that said D. C. Crowder has not paid into court the money heretofore directed to be paid in by him and that he is still in contempt of this court; also that he has not complied with his agreement heretofore made in open court to pay in $75 per month, beginning with September 1, 1925, and that he has only paid a small amount as heretofore reported by the Master collected several months ago, . . .''

''It is, therefore, ordered, adjudged and decreed by the court that said D. C. Crowder is in contempt of this court in not complying with the orders of the court heretofore made on him, and as heretofore adjudged and decreed, . . .''

At the January Term, 1926, the following order was entered:

''. . . When it appeared to the court that nothing was done at the term of this court while in session at the October Term, 1925, because the complainant, D. C. Crowder, was not present; and it further appearing to the court that said Crowder was under bond to be present at the October term, to answer

the contempt charges against him, and that he was not present; that said Crowder has been adjudged in contempt of this court for several months, as shown by former orders in this cause, and that he has not purged himself of said charge, and that he has repeatedly promised to pay into court what he is due and that which he has been ordered to pay into court, if given more time, and it further appearing to the court that, at the April Term, 1925, he agreed in open court to begin paying and would pay $100 by the last day of July, 1925, and begin paying monthly by the first day of September, 1925, and pay as much as $75 per month until he shall have paid the amount he was ordered to pay, and it appearing that he has not paid anything except $100 paid in May, 1925, and that he has not paid monthly as he has agreed to do; all of which the court so adjudged and decrees.

"It is, therefore ordered, adjudged and decreed by the court that said Crowder is in contempt of this court, . . ."

On April 23, 1923 the complainant filed a statement of his account of the estate with the Clerk and Master of said court, he charged himself as per his inventory filed in the county court with $6301, he took credit for various items totalling $4883.31 showing a balance in his hands of $1418.69. He took credit for a number of amounts paid to Lucy Hayse, the widow, totalling $764.97. Just why he paid the widow these amounts during the years of 1920 and 1921, doesn't appear. The complainant was attached about once a year and brought before the court or executed an appearance bond, the complainant got an extension by submitting to an order to pay so much a month or during the next six months and the cause would be continued. At the April Term, 1928, which was the final decree in this cause, the complainant having been cited again for contempt in court upon the whole record decreed as follows:

And it appearing to the court that D. C. Crowder, defendant to the petitions and complainant in this cause, filed his bill in this court on the 15th day of September, 1920, seeking a settlement of the estate of Ned H. Hayse, the complainant being named as executor in the will of said Ned H. Hayse, deceased; and it further appearing to the court that on the 28th day of October, 1920, by decree of his Honorable Court in said cause of D. C. Crowder, Executor, v. Lucy Hayse, et al., a certain decree was entered by the court pertaining to the construction of the will of the deceased and to the administration of the estate in which decree a fund of $3100, received for a tract of land known as the Smith tract and which was sold by the deceased prior to his death and which tract had been given to a son Kirby Hayse, was branded as real estate and said

sum of $3100 was decreed to belong to said Kirby Hayse, but encumbered by the life estate of Lucy Hayse who was to receive the interest or income off of said sum for and during the term of her natural life and that said $3100 was ordered by the court to be paid into the Clerk and Master by the executor and by the Clerk and Master to be loaned at interest; and at that time the executor was also ordered to make a settlement with the Clerk and Master as such executor; and it further appearing that the cause was continued from time to time without the executor complying with the decree of the October term of the court 1920 until March, 1923, when the first petition was filed in the cause; that at the October Term, 1923, the court again ordered the executor to pay to the Clerk and Master the said sum of $3100 by the first Monday in April, 1924, and that he by that date state his account as such executor; and it further appearing to the court that the order of the court above referred to was never obeyed by the executor and that the matter was passed over from time to time, upon defendants promise made in open court that he would pay said amount as ordered awaiting the compliance of said order by the executor and the executor not having paid said fund into court, as directed to be done, he has at different times been adjudged in contempt of court for his failure to comply with the orders of the court, all as set out in the different decrees of this cause; and it further appearing that of said $3100 ordered to be paid by the executor the sum of $1050 has been paid, the last of which was paid in December, 1926, and since said latter date no other or further payments have been made; also that the executor was under bond to appear at the court from term to term on said contempt proceedings and that he did not appear before the court the last two terms prior to this term of the court, as he was directed to do and as he was under bond to do. All of which the court so adjudges and decrees.

It is, therefore, ordered, adjudged and decreed by the court that D. C. Crowder is in contempt of the court, as charged against him in said petition and as heretofore adjudged and decreed by the court, in not performing and complying with the orders and decrees of the court and especially is he in contempt of court for not performing that part of the decree directing him to pay into the court the $3100 ordered to be paid by him, and it is ordered and decreed that the defendant for said contempt be committed to the jail of Hardin county, Tennessee, there to remain until he shall have purged himself of said contempt by paying to the Clerk and Master $2050 or the balance of said $3100.

The defendant, D. C. Crowder, thereupon moved the court for a new trial.

The motion for a new trial was overruled, the defendant excepted, was granted an appeal, perfected the same and has assigned five errors in this court, as follows:

I

There is no evidence to support the judgment and decree of the Chancellor finding the appellant guilty of contempt and sentencing him to jail, for an indeterminate term, and the judgment of the court is contrary to and unauthorized by law.

II

The record shows that the defendant had accounted for all of the assets of the estate of the testator, and had paid to the Clerk and Master of the court a greater amount than properly chargeable against him as the executor of the estate of N. H. Hayse, deceased.

III

The Chancellor erred in his construction of the decree entered at the October Term, 1920, providing for the payment by appellant to the Clerk and Master of the sum of $3100, in this:

(1) The decree directs that on settlement of the estate $3100 be paid to the Clerk and Master; whereas, on a proper settlement of the estate no such amount would or did remain in the hands of appellant, as executor, as assets of said estate.

(2) It is intended by said decree that said $3100 be paid to the Clerk and Master, on condition and in the event only, that upon settlement of the estate that amount of the assets thereof remained in the hands of appellant, as executor.

IV

There is no basis for the judgment finding appellant guilty of a contempt of the court, and sentencing him to jail until he had paid $2050 as the balance of said sum of $3100.

V

The Chancellor was without power or authority to pronounce an indeterminate sentence against appellant. The only punishment authorized by law, if guilty of contempt, was by fine not exceeding $50, and a jail sentence not exceeding ten days, as provided by statute.

No bill of exceptions was preserved and we have not the proof before us upon which the Chancellor adjudged the complainant to be in contempt, there being no bill of exceptions it is presumed that the evidence is sufficient to support the judgment. The first assign-

ment of error is overruled. As to the second assignment of error the complainant's account or purported settlement as executor never was approved by the court, there were no exceptions filed and no action taken upon this report, the second assignment of error is overruled. As to the fifth assignment of error, we are of the opinion that the statute relied on is not applicable to the instant case, Section 5920 of Shannon's Code provides that, if the contempt consists of an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it.

The records show that of the $3100 received for the James Smith land and which was to be treated as real estate, the complainant had received from a bank in Hardin county $2700, the court had branded this as real estate and upon complainant's own settlement he paid much of this sum out without the consent of the court.

As to the first decree entered, which the complainant states that the learned Chancellor in the last decree misinterpreted said decree and that the complainant was to pay said sum of $3100 into the hands of the Clerk and Master only after he had made a final settlement of said estate.

We are of the opinion that the court in pronouncing said decree did not intend to allow the complainant to indefinitely postpone the settlement of said estate. The complainant knew just what he had on hand at the time of said decree and it was his duty, then and there, to inform the court if he did not have the $3100. The complainant has been cited time and again for contempt, has been adjudged on numerous occasions to be in contempt and allowed to escape confinement by agreeing to pay a certain amount per month. The complainant never insisted that he could not pay these amounts that he was ordered to pay, so far as the records show and we are of the opinion that the Chancellor was not in error in adjudging the complainant to be in contempt of the court, it is very earnestly insisted and ably argued that the last decree is not sufficient, it is insisted under the holding in Cash v. Quinchett, 5 Heisk., 741, that the decree should show that the complainant is able to perform the act which he has been ordered to perform and that he has it within his power to do so and if he hasn't the power to so do or the ability to perform the judgment, then the power of the prisoner, under the law does not exist. It is further insisted by appellant that:

"The judgment of contempt against appellant, by which he was sentenced to jail until he had paid into the treasury of the court the sum of $2050, is void, because:

"(1) The judgment does not recite that it was within the power of appellant to perform the act required;

"(2) The order of commitment for the alleged contempt does not show, and nowhere recites that appellant was able to

pay the sum of $2050 or any other amount, therefore the commitment is void;

"(3)   An order or judgment finding a party guilty of civil contempt in disobeying the command of the court, and the order of commitment for such contempt must recite that it was in appellant's power to perform the required act, else the commitment is void."

In support of these propositions, the appellant makes the following insistence:

The order, judgment and decree in this cause nowhere states or recites the ability of the appellant to pay into court the required sum.   The judgment does not recite that the court finds, that appellant was able or that it was within his power to comply with the order of the court.

The law is, that the judgment itself must affirmatively show and set out the ability of the defendant to comply with the order.

The law is that:

"The judgment must show affirmatively the defendant's ability to comply with the order of the court."   6 R. C. L. 537.

In Ex parte Robertson, 27 Tex. App. 628, 11 Am. St. Rep., 213, Judge White, of the Court of Appeals of Texas said:

"Either the order of judgment finding the defendant guilty of contempt in disobeying the command of the court, or the order of commitment for such contempt must recite that it is within the defendant's power to perform the required act, or else the commitment will be void."

We are of opinion that the decree in the instant case is defective and void, that the decree should recite that it is in the power of the appellant to perform the act required, that he was able to pay the $2050 and the decree failing to so state is reversed, vacated and set aside.   The cause will be remanded to the chancery court of Hardin county for the purpose of taking such further steps as are necessary to properly dispose of this litigation.   All of the other assignments of error are overruled and disallowed.   The petitioners will pay the cost of the appeal.   The cost of the lower court will be paid as decreed by the Chancellor.

Heiskell and Senter, JJ., concur.