# A. P. OTTARSON, JR., Receiver for S. D. Harrison Co. Inc. v. DOBSON & JOHNSON, INC.—372 S. W. (2d) 777.

Middle Section.   September 4, 1963.

Certiorari Denied by Supreme Court December 5, 1963.

Maclin P. Davis, Jr., Nashville, for complainant.

William J. Harbison, Nashville, for defendant.

HUMPHREYS, J. Defendant Dobson & Johnson, Inc. has appealed to this Court from a decree entered against it, in favor of A. P. Ottarson, Jr., Receiver, etc., in the total amount of $3,611.35.

The opinion of the court on which this decree was entered succinctly states the facts and the conclusions of the Chancellor based thereon, so we save ourselves from

the unnecessary labor of restating the case by quoting from the Chancellor's opinion as follows:  .

"The insolvent corporation (S. D. Harrison Co. Inc.), for which the complainant was appointed Receiver, was engaged for several years in the construction of dwellings with large sums of money it borrowed from the defendant, which was and .is in the mortgage loan and real estate sales business. This suit is brought to recover of the defendant payments it made to itself from the sale price of houses sold by it as agent for the builder, representing charges made for title policies and attorneys fees in connection with the construction loans and interest. The amounts in dispute are $2,411.35 for title policies and $1,200.00 for attorneys fees.

"The defendant insists that the charges made the builder were reasonable and according to the contract between the parties, and avers that the insolvent corporation is indebted to it for money loaned, for which it will have a very large unsecured claim and it further avers that if it should be held that it is indebted in any amount to the insolvent corporation that it would be entitled to have such indebtedness set-off against the indebtedness due it by the insolvent corporation.  .

"The insolvent corporation, in most instances bought a lot or lots from a corporation, the stock of which was principally owned by the stockholders and officers of defendant. It would then arrange for a construction loan with defendant, secured by a deed of trust upon the lot on which the dwelling house was to be built. The total amount of the con-

struction loans were made available to the builder and the costs of said loans including charges for title policies and attorneys fees were deducted by the defendant from the sale price of the houses when they were sold for the builder by the defendant. It also paid itself real estate agent's commissions for making the sales.

"The defendant did not purchase the title policies as agreed and it did not pay the attorneys fees to its attorneys. However it paid its attorneys an annual retainer of more than the total of the fee so collected.

"Since the title policies were not purchased as agreed the defendant has no right to pay itself for them and these charges were improper. Likewise, since the attorneys fees charged the builder were not paid over to the defendant's attorneys they too were improper charges.

"The Court is therefore of the opinion that the complainant is entitled to recover said items with interest from the defendant.

"As above stated, the funds from which the defendant deducted the charges for title policies and attorneys fees arose from the sales of the houses owned by the insolvent corporation by the defendant in its capacity as real estate agent and they therefore constituted trust funds for which defendant must account in its capacity as trustee.

"It is essential to the allowance of a set-off that the relationship between the parties be that of debtor and creditor and under the facts of this case such

relationship does not exist between the defendant and the complainant.

"The set-off claimed by the defendant is denied." Tr. pp. 76-77

On its appeal here defendant has assigned two errors as follow:

"1. The Chancellor erred in holding that the charges made by defendant to the insolvent corporation were improper and in allowing judgment therefor.

"This was error because (a) as to the title charges, the amounts collected were shown to have been reasonable and far less than the cost of mortgage title insurance, and were for a necessay service in the making of the construction loans; and (b) the charges for attorneys fees were for legal work actually and necessarily performed, and the amount thereof was actually paid to the attorneys for doing this work. The method of making this remittance was one of form, not of substance. Further, all of the charges of both types were authorized when made, and had been agreed to over a long period of time and through a long course of dealing between the parties.

"2. The Chancellor erred in disallowing defendant's plea of setoff.

"This was manifestly erroneous. If there was any liability of any nature by defendant to complainant, it was clearly a liability arising out of alleged improper charges on construction loans. The insolvent was heavily indebted to defendant for non-payment

of those very same loans. The defendant was no more a 'fiduciary' toward the insolvent than vice-versa. The insolvent failed to repay money borrowed from defendant. It would be patently unjust and inequitable to require defendant to pay funds to the insolvent when the insolvent is so heavily indebted to it *on the very same transactions.* The receiver, of course, stands in the shoes of the insolvent, and has no higher right or claim against the defendant than would the insolvent corporation itself. Clearly if the Harrison corporation were suing for these alleged overcharges, any recovery would be off-set against its indebtedness to the defendant; the same result must follow in the receiver's suit.''

With respect to the first assignment of error: While as an original proposition we might have thought defendant had borne the burden of its defense that S. D. Harrison, president of the insolvent corporation fully understood the actual basis upon which the charges were being made and had agreed thereto, the rule on appeal being as it is, that the Chancellor's opinion and decree is presumptively correct and cannot be disturbed except upon a preponderance, we overrule the first assignment. When the record is studied in the light of the requirements of the statute, T.C.A. sec. 27-303, we do not think the assignment is well taken. Iskiwitz v. John F. Clark & Co., 16 Tenn. App. 159, 65 S. W. (2d) 825; Patton v. Morarity, 18 Tenn. App. 184, 74 S. W. (2d) 513.

However, in our opinion the second assignment of error is good.

The Chancellor's reason for denying the setoff was that the funds deducted by defendant arose from its

sale of houses owned by the insolvent corporation and that since such funds were in its hands as real estate agent, they constituted trust funds for which defendant had to account as a trustee, and as to which it could not set off debts owed by the insolvent corporation in any other capacity.

While we agree it is the settled rule that funds in the hands of a real estate agent are regarded as trust funds of which the agent is trustee, McNeill v. Dobson-Bainbridge Realty Co., 184 Tenn. 99, 195 S. W. (2d) 626, and it is also the settled rule that a trustee cannot set off an obligation owed to himself individually against an obligation owed by him as a trustee, there being a lack of mutuality (Scott on Trusts, sec. 250; 80 C.J.S. Setoff and Counterclaims sec. 50c, p. 82) where it clearly appears, as in this case, that by the agreement and understanding of the parties the trustee is to be both real estate agent and creditor, and as real estate agent is expected to and does settle with itself as creditor, there can be a setoff as sought.

It cannot be denied that defendant was authorized to and did, throughout the long and extensive dealings with Harrison Company, credit and debit, and so adjust accounts owed by it as real estate agent with the accounts owing to it as creditor. So, it must follow it has the right to such a credit adjustment by way of setoff. The dual role in which the defendant corporation acted under its contract with S. D. Harrison Co. Inc., furnishes the necessary mutuality to sustain the plea of setoff.

As to this proposition, in Scott on Trusts, we find the following statement which we think is based on the rule we here apply.

"The beneficiary may, however, agree to give the trustee a charge upon his interest to secure his indebtedness to the trustee. Such an agreement may be made at the time when the indebtedness arises or subsequently. If the beneficiary is not under a legal incapacity, and if the trust is not a spendthrift trust, and if the trustee did not take an improper advantage of his position as trustee in securing the agreement, the agreement is effective to give the trustee a charge upon the beneficiary's interest. Thus where the trustee out of his individual property makes an advance or loan to the beneficiary with the understanding, whether or not expressed in words, that he is to be reimbursed out of the trust estate, the trustee is entitled to repay himself out of the beneficiary's interest in the trust estate. He has a charge upon the beneficiary's interest for such advances, and if the beneficiary transfers his interest to another, the transferee takes the interest subject to the charge of the trustee for the amount of the advances." Scott on Trusts, sec. 250, p. 1434.

We do not think complainant's contention a setoff cannot be allowed because not well pleaded or proved is good. From the pleadings and the evidence it clearly appears S. D. Harrison Company is heavily indebted to defendant; the formal claim filed by defendant against Harrison Company in the receivership proceedings and exhibited in this case, being for $72,286.36 the total of unpaid balances after foreclosure of defendant's construction loans. To deny a setoff after we have concluded, it is available where it appears from the pleadings and the evidence the party the receiver represents is heavily indebted to defendant would be most unjust.

It results the claim of the receiver for the total of $3,611.35, together with interest from September 1, 1959, the average date of said deductions by defendant is sustained, but defendant's plea of setoff is likewise sustained, so that the recovery by the receiver in this suit shall be available to be applied as a credit by said receiver upon the claim of the defendant against S. D. Harrison Company in the receivership proceedings now pending in the Chancery Court of Davidson County or as a judgment in the receiver's favor for any excess. The costs of the cause and the appeal are divided between the parties.

Shriver and Chattin, JJ., concur.