# DRAKE v. STINNETT.—223 S. W. (2d) 208.

Middle Section.   April 30, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

Dennis W. Summers, of Nashville, for plaintiff in error.

D. F. Blackmon, of Nashville, for defendant in error.

HOWELL, J. This is a suit for damages to the Crosley automobile of the plaintiff J. W. Stinnett by reason of a collision between his car and a Ford owned and driven at the time of the accident by the defendant George M. Drake. The accident occurred on January 26, 1948, at a point on the Murfreesboro Road between Nashville and the Municipal Airport and while both cars were proceeding out the highway in the same direction. The Murfreesboro Road at the place of the accident is a four lane highway with two lanes for traffic in each direction with a grass plot between them. The defendant's car was in front of plaintiff and the driver gave a signal for a turn at a point where a left turn would have taken his car across to the incoming traffic lane or a right turn would have entered a driveway into a restaurant called "Sandras".

At the time the defendant gave a signal for a turn the plaintiff's car was behind the defendant's and the driver pulled to the left to pass defendant's car and just as he got even with it the driver of defendant's car pulled to the left and caused the collision.

The case was tried by the Circuit Judge without a jury and judgment was rendered in favor of the plaintiff for the stipulated amount of the damages $199.59.

The defendant has appealed in error to this Court and has assigned as error that there is no evidence to support the judgment, that the judgment is contrary to the law and the evidence and that the plaintiff was guilty of contributory negligence barring his recovery.

The bill of exceptions is in narrative form, two witnesses testifying for each party. Upon the hearing the trial Judge found that "two witnesses for plaintiff had testified that defendant gave a signal to turn right; as against one witness for defendant, who testified that he gave a signal to turn left, and another witness who could not testify as to what kind of signal defendant gave. That the giving of the wrong signal was the proximate cause of said accident."

We have carefully examined the bill of exceptions and there is material and substantial evidence upon which the trial Judge based his conclusions.

Under Section 10622 of the Code of Tennessee there is a presumption in this Court that the judgment of the trial Court is correct, unless the evidence preponderates against it, and there are many decisions of this and the Supreme Court that unless this preponderance appears the judgment of the trial court will not be disturbed. See Iskiwitz v. John F. Clark & Co., 16 Tenn. App. 159, 65 S. W. (2d) 825, and many other cases.

It is insisted for the defendant that the negligence of the driver of plaintiff's car was the proximate cause of the accident. The trial Judge was in a much better position to determine the facts in this case than is this Court with only a statement of the testimony in narrative form and without seeing and observing the witnesses and hearing them testify, and therefore could more accurately determine whether or not any contributory negligence of the plaintiff was the proximate cause of the accident.

The evidence justifies a conclusion that the conduct of the defendant in driving into the left or passing traf-

fic lane without giving a proper signal at the right time was the proximate cause of the collision.

The question of proximate cause is fully discussed and authorities cited by Faw, P. J., in the case of Phillips & Buttorff Mfg. Co. v. McAlexander, Adm'r, in 15 Tenn. App. 618-640.

We find therefore that the evidence does no preponderate against the judgment of the trial Court. The assignments of error will be overruled and the judgment of the trial Court affirmed.

A judgment will be entered here for the plaintiff, J. W. Stinnett, and against the defendant, George M. Drake, for $199.59 with interest from June 21, 1948 and the costs of the cause.

Affirmed.

Felts and Hickerson, JJ., concur.