# CHAPPELL v. CHAPPELL.—261 S. W. (2d) 824.

Western Section. May 28, 1952.

Petition for Certiorari denied by Supreme Court, December 5, 1952.

Allen J. Strawbridge, of Dresden, for complainant.

George C. Rowlett, of Martin, for defendant.

ANDERSON, P. J. The complainant moves the Court to affirm the decree on the ground that the decree shows that proof was introduced in the cause and no bill of exceptions filed in the record. The motion is disallowed and the cause heard here on the technical record.

This cause originated in the County Court of Weakley County, wherein the complainant, Mrs. Allie Orene Chappell, filed a bill against the defendant, William Ashbury Chappell, seeking a divorce and alimony for support of

246

herself and her two children. The bill alleged that the defendant was a non-resident of the State of Tennessee and was a resident of the State of Illinois. Publication was made as required, after which a pro confesso was taken against the defendant, and the cause heard ex parte as to him. On April 14, 1945, a decree was entered granting the complainant an absolute divorce, together with custody of said two children. The Court further decreed that the defendant should pay to complainant the sum of $40 per month for support of herself and said children. The cause was retained in court for the enforcement of the decree, and for making any further orders in the future. No effort was made to obtain personal service on the defendant and no property was attached.

On October 4, 1946, the complainant filed a petition seeking an attachment for the body of the defendant and that he be cited to appear and show cause why he should not be held in contempt of court.

An order was entered for the attachment, the defendant was arrested and gave bond for his appearance. So far as the record discloses, no further steps were taken and no order entered by the Court on the petition.

On December 21, 1946, the complainant filed another petition seeking to have the defendant attached and brought into Court to answer contempt charges alleged on account of defendant's failure to pay the amount adjudicated in the divorce decree.

An order was issued for such attachment. The defendant was arrested and gave bond for his appearance. Again the record does not disclose that any further steps were taken or an order entered by the Court on said petition.

On July 3, 1951, the complainant filed the present petition, seeking an attachment of the defendant and to have

him brought into court to answer charges of contempt in failing to pay the amount adjudicated in the divorce decree.

An order was issued for such attachment. The defendant was arrested and gave bond for his appearance.

The defendant moved the Court to dismiss the petition and quash the attachment on the ground that the decree, upon which the proceedings are predicated, was and is void in that the Court had no authority or power to enter a decree against him for the payment of any sum or sums of money due the complainant by and on account of the fact that he was a defendant in said original proceedings only by and through constructive service, that is, by publication made for him, he being a non-resident of the state at the time, and that the record shows he did not personally appear in court.

The trial court overruled this motion, to which action the defendant excepted.

The defendant then filed an answer, raising the same question of want of jurisdiction of the court to enter a personal judgment against him, where he is made a party through constructive service.

In addition, the defendant pleaded to the merits. He denied he was in contempt for the reasons set forth in the petition, and averred that he had not voluntarily and willingly neglected the payment of the necessary amount for the support of his children. He further averred that petitioner had re-married and that recently when the defendant went to see his children, her present husband ordered him off the premises and told him not to come back, saying he and his wife had rather do without his contributions of support of the children than to have him coming into their home; that in all of this the petitioner, who was present, acquiesced; and that he has

accordingly followed her directions. He further averred that he did not have the money to pay the amount claimed in the petition to be due and was not able to obtain it, and he concluded by an averment that "all other statements and allegations in said petition are here and now denied as fully as if specifically denied."

On the final hearing the Court found the defendant to be in contempt for his failure to pay the amounts due for the support of petitioner and her children, and ordered the defendant incarcerated in the county jail until he paid said sum. From this decree the defendant appealed.

It affirmatively appears from the face of the record proper that the original decree for alimony and support of the children was rendered against the defendant without his having been served with process, and hence there can be no question about that decree being void insofar as a personal judgment was rendered against him, and none about the fact that its invalidity is apparent on the face of the record. Darby v. Darby, 152 Tenn. 287, 277 S. W. 894, 42 A. L. R. 1379.

The Court below held that upon the facts disclosed on the hearing the defendant waived his right to attack the judgment on the ground that he had not been served with process, and this presents the question in the case. As indicated, the defendant did not preserve the evidence heard upon the trial by a bill of exceptions, and the case is here on the technical record only. Hence the facts found by the lower court are conclusively presumed to be correct. Code, Sec. 10622; Morrell v. Fire Ins. Co., 168 Tenn. 137, 76 S. W. (2d) 317; Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854; Iskiwitz v. John F. Clark & Co., 16 Tenn. App. 159, 65 S. W. (2d) 825; Drake v. Stinnett, 32 Tenn. App. 573, 223 S. W. (2d) 208.

In the original decree granting the divorce and awarding alimony, which was entered on April 14, 1943, there is the following finding:

"And it satisfactorily appears to the Court from the proof that the facts charged in the bill are true; that the defendant did, on the 12th day of January, 1942, desert and abandon the complainant and their two minor children, leaving the complainant and said children destitute and liable to become a public charge, all without any cause; that a warrant was sworn out for the defendant for wife and child desertion in April, 1942, and defendant was arrested thereon in Chicago, Illinois, and extradited to Tennessee, where he was bound over to the Grand Jury of Weakley County, and was at the August Term of the Circuit Court of Weakley County indicted on the charge of wife and child desertion; and it further appears to the Court that said cause is still pending in the Circuit Court of this County and has been continued from term to term upon agreement of the defendant to pay to the complainant the sum of $40.00 per month for her support and the support of said two minor children, and will be tried upon failure of the defendant to so pay such amount per month."

In the petition filed July 3, 1951, citing the defendant for contempt on the occasion under review, there are among others the following averments:

"Complainant would further show to the Court that the defendant left your complainant and said two minor children destitute and without means of support, and that on May 1, 1942, the defendant was arrested in Illinois and returned to Tennessee on a charge of child desertion where he was subsequently

indicted, but upon his agreement to pay the sum of Forty ($40.00) Dollars per month for the support of said minor children, it was agreed that the case in the Circuit Court would be continued from term to term and not tried so long as he paid such sums, which sums he paid up until about August, 1945, when he began paying her the sum of Twenty ($20.00) Dollars per month by the consent of the complainant; that on or about July 1, 1946, the defendant quit paying anything.

"That on or about October 5, 1946, she filed her petition in this Honorable Court praying that the defendant be cited for contempt of this Honorable Court for failure to pay such alimony; that the body of the defendant was attached and brought into Court, whereupon the defendant paid the amount of alimony in arrears; that in November, 1946, he became in arrears again on such alimony payments, and that on or about January 9, 1947, she again filed her petition in this Honorable Court praying that the defendant be cited for contempt for failing to pay such alimony, the defendant was again produced in Court, at which time, he paid up the alimony in arrears."

In overruling the defendant's motion to dismiss the petition on the ground that the original judgment was void, the Court decreed as follows:

"After hearing said motion and argument of counsel, the Court is of the opinion that the grounds of said motion are not well taken, for the reason that (1) the record shows that the defendant has twice before been cited for contempt of Court for non payment of the alimony adjudged against him in the original decree, without making a question as to the

validity of such decree, on the grounds that he was not personally served with process, or any other grounds, (2) the proof shows that the defendant paid such sums of monthly alimony, provided by such decree, from time to time and over an extended period of years, without making any question as to the validity of such decree, and (3) the proof shows that on two occasions previously, when cited for contempt of court for not paying alimony ordered by the original decree, the defendant purged himself of such contempt charge by paying the alimony in arrears, or making satisfactory arrangements to pay the same, and shows that the defendant had all alimony payments paid to date when he last became delin-. quent on July 5, 1947; and the Court accordingly finds that by acquiescence in the provisions of such decree, as aforesaid, he waived any irregularity in such original decree, and is now estopped from questioning or attaching the validity of such original decree, all of which is so adjudged and decreed.''

In considering the question, it must be borne in mind that every intendment is in favor of the correctness of the judgment or decree of a court of general jurisdiction. Hunter v. May, 161 Tenn. 155, 25 S. W. (2d) 580. Hence, if there is any theory of the facts upon which the decree may be sustained, it must be done. If we assume that the payments made on two previous occasions when the defendant was cited for contempt, are to be regarded as having been involuntary, (which we think a doubtful proposition), we need not concern ourselves with whether, on this account, they would constitute a waiver or amount to an acquiescence in the original judgment. It is enough to consider only the finding by the court that the ''defendant paid such sums of alimony provided by

such decree from time to time and over an extended period of years without making any question as to the validity of such decree * * * and that the defendant had all alimony payments paid to date when he last became delinquent on July 5, 1947''.

From this finding it is manifest that the defendant voluntarily made payments on the judgment against him, and this becomes certain when the recitals of the decree are considered in the light of the pleadings and the other parts of the record proper, as they must be. Southwestern Presbyterian University v. City of Clarksville, 149 Tenn. 256, 259 S. W. 550; Fleming v. Kemp, 27 Tenn. App. 150, 178 S. W. (2d) 397; Grant v. Davis, 8 Tenn. Civ. App. 315. The rule applicable to the determinative question is laid down by Mr. Freeman in his valuable treatise on judgments, as follows:

"Relief may be denied to a party who has waived his right to it or has by his conduct estopped himself from claiming the benefit of circumstances which might otherwise entitle him to relief. One who has by his previous conduct indicated no intention or desire to defend on the merits is not in a favorable position to have a judgment against him vacated. By his laches or by otherwise acquiescing in or ratifying the judgment he may forfeit any claim to consideration. This result may be accomplished by the acceptance and retention of benefits under the judgment, or by the voluntary payment of or compliance with it in whole or in part with knowledge of the facts, or by failure to object to the enforcement of the judgment under similar circumstances, or by failure to take steps to relieve himself from its consequences as by redeeming property sold under the judgment''. Freeman on Judgments, Vol. 1, Section 265.

■ Applying this rule to the facts found by the Chancellor, which, as we have said, must be taken to be true, we think the Court correctly ruled that the defendant had waived his right to challenge the decree for want of personal service of process.

■ Again, we think the defendant is confronted with an estoppel. Of course a void judgment cannot operate as an estoppel; but it is not the judgment by which the defendant is estopped, but his conduct with respect thereto. The averments of the petition hereinabove quoted, in the absence of the evidence must be taken as having been established, and when they are considered together with the findings in the original decree entered in 1943, also hereinabove quoted, it is a fair inference, and in fact the only one possible, that the criminal proceeding against the defendant was being held up because the defendant was paying the amount required by the original decree awarding support to the wife and child. This was manifestly a proceeding under Code Sec. 11370, making it a criminal offense for a husband to wilfully and without good cause neglect or fail to provide for his wife according to his means, or leave her destitute or in danger of becoming a public charge. This is no ordinary criminal statute. Although it was passed for the benefit of the public as well as the wife, Chapman v. State, 159 Tenn. 6, 15 S. W. (2d) 744, it is a remedial statute designed to secure a proper support for a dependent wife rather than to punish the husband for dereliction. Smith v. State, 156 Tenn. 599, 4 S. W. (2d) 351. The courts therefore are rightly reluctant to imprison a defendant if after the initial offense he mends his ways and manifests a willingness to perform his obligation to support his wife. In the absence of evidence, it must be presumed that the wife to her prejudice forbore to press the

criminal charge on the strength of the fact that the defendant was paying the judgment against him pursuant to his agreement so to do. Thus all the elements of an estoppel were present in the case. It should also be noted that after he became aware of the fact that a personal judgment had been rendered against him, the remedies of the defendant were adequate. He had his choice of a writ of error and supersedeas, or a bill in chancery to enjoin the enforcement of the judgment. Taylor v. Sledge, 110 Tenn. 263, 75 S. W. 1074. Instead of pursuing either of these remedies, he, for some eight or nine years, led his former wife, to say nothing of the court in which the case was still pending, to believe he acquiesced in this judgment rendered against him and intended to pay the amount awarded for her support and the support of his imbecile child.

 Still another rule stands in the defendant's way. This is stated by Mr. Freeman as follows:

"One who is objecting to a judgment on the ground that it was rendered without personal jurisdiction must limit his subsequent appearance in the case to the sole purpose of having the judgment vacated. In this, as in any other case, any act which amounts to a general appearance confers jurisdiction and defeats any objection based on its lack. Even though the applicant in terms limits his appearance to the special purpose of vacating the judgment, if his application embraces other grounds than the jurisdictional one, it is an appearance to the merits." Freeman on Judgments, Vol. 1, Section 265.

In 3 American Jurisprudence 806, Section 31, the rule is stated in this language:

"According to the general rule, if a judgment has been entered without jurisdiction of the person of the

defendant, the defect is cured if the defendant thereafter appears and participates in subsequent proceedings or invokes the action of the court for his benefit. In other words, a general appearance after final judgment waives defects and irregularities in the service of summons and return, just as fully as an appearance entered before final judgment.''

Cf. Taylor v. Sledge, 110 Tenn. 263, 75 S. W. 1074; Brake v. Kelly, 189 Tenn. 612, 226 S. W. (2d) 1008.

In this connection it will be borne in mind that a decree awarding alimony and support for children where the case is retained in court, is not a final decree in the ordinary sense of the words. Fuller v. Fuller, 157 Tenn. 697, 11 S. W. (2d) 896; Darty v. Darty, 33 Tenn. App. 321, 232 S. W. (2d) 59. In the present case the cause was not retained in court for the purpose only of enforcing the award of alimony and support for the children, but ''for the purpose of making such further or other orders in the future as may be necessary''. Such is the recital of the original decree.

When the defendant submitted to the jurisdiction of the Court, he did not confine his appearance to attacking the original decree for want of service of process on him, but, as above pointed out, filed an answer to the charge that he was in contempt of court, averring by way of defense that he was not financially able to pay the amount due, and went to trial upon the issue thus made. Moreover, he filed a motion for a new trial, assigning as a ground thereof, among others, that there was no material evidence to support the decree of the Court. This course of action we think is prohibited by the rule above quoted.

The defendant makes another point, that the decree adjudging him in contempt is void because it does not

recite that the defendant was able or had the funds with which to make the payment of the amount due. The decisions on the question require that this contention be sustained, although the result presents somewhat of an anomaly.

In Loy v. Loy, 32 Tenn. App. 470, 479, 22 S. W. (2d) 873, 878, a case similar to the one in hand, it was held that, ''A judgment for contempt must contain an affirmative finding of defendant's ability to pay.'' It was so held upon the authority of Hayse v. Crowder, 9 Tenn. App. 55, and the unreported case of Blackwood v. Blackwood, Davidson Law, decided by the Supreme Court, February 28, 1942. In Hayse v. Crowder complainant was adjudged in contempt of court for failure to pay into the treasury of the court a certain sum of money which he had been ordered by a prior decree to pay. There was no prior adjudication that he was able to pay. The ruling in Blackwood v. Blackwood was a pure dictum.

A proceeding of the present kind is not a summary proceeding, but merely a supplemental process by which a court endeavors to enforce its judgment as authorized by Code, Sec. 8448. Brown v. Brown, 156 Tenn. 619, 4 S. W. (2d) 345. It is a civil, not a criminal, contempt proceeding. Sullivan v. Sullivan, 23 Tenn. App. 644, 137 S. W. (2d) 306. It is not even necessary to aver in the petition seeking to enforce the decree by a contempt proceeding that the defendant be able to pay the amount due. Bradshaw v. Bradshaw, 23 Tenn. App. 359, 133 S. W. (2d) 617. Moreover, a failure to comply with such a decree places the defendant prima facie in contempt of court and puts upon him the burden of proving his inability to make the payment as directed. Clark v. Clark, 152 Tenn. 431, 278 S. W. 65; Gossett v. Gossett, 34 Tenn. App. 654, 241 S. W. (2d) 934. This, be-

cause in the original decree the court has necessarily found a present ability to pay.

In Thones v. Thones, 185 Tenn. 124, 133, 203 S. W. (2d) 597, the contempt proceeding of this kind is described as an "equitable remedy" which is available as a matter of public policy.

If, as held, in the foregoing authorities, it is not necessary to allege the defendant's ability to pay and a failure to pay places him prima facie in contempt, putting upon him the burden to prove his inability to pay, the reason for the rule that the decree must contain an affirmative recital to that effect is not altogether clear. In other words, having regard to the fact that a proceeding of this kind is *not a summary proceeding* but one requiring both pleadings and proof in all respects according to the course of civil procedure in the ordinary case, it seems unusual to hold it essential to the validity of the decree that it affirmatively recite a fact which it is not necessary to plead. But the rule invoked by the defendant seems to have been sanctioned by the cases hereinabove cited and for this reason and this reason alone we do not feel at liberty to depart from it.

The result is that for the failure of the decree to affirmatively recite the defendant's ability to pay the amount due, the decree adjudging him to be in contempt must be reversed and the cause remanded to the lower court for further proceedings consistent with the opinion. The costs of the cause so far accrued, including the costs of the appeal, are adjudged against the defendant.

Baptist, J., dissents.