IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2003 Session

## WILMA JEAN HUGGINS v. THERON EUGENE HUGGINS

Appeal from the Circuit Court for Williamson County
No. I-2K223     Timothy L. Easter, Judge

No. M2002-02072-COA-R3-CV - Filed January 31, 2005

This appeal involves a civil contempt sanction against a former husband for failing to make payments required by the parties' marital dissolution agreement. The former wife filed a petition in the Circuit Court for Williamson County seeking to hold her former husband in either criminal or civil contempt. Following a hearing, the trial court awarded the former wife a $26,378 judgment for the arrearage and a $2,000 judgment for attorney's fees. The trial court also found the former husband to be in civil contempt and ordered him incarcerated for six months or until he made the payments required by the martial dissolution agreement. The former husband appealed. We affirm the portions of the judgment awarding the former wife $28,378; however, we vacate the civil contempt judgment against the former husband because the trial court failed to make an affirmative finding that he was presently able to meet his financial obligations under the marital dissolution agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part, and Remanded**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and ALAN E. GLENN, SP. J., joined.

Vincent Zuccaro, Brentwood, Tennessee, for the appellant, Theron Eugene Huggins.

James L. Curtis, Nashville, Tennessee, for the appellee, Wilma Jean Huggins.

**OPINION**

**I.**

On August 28, 2000, Wilma Jean Huggins and Theron Eugene Huggins were divorced in the Circuit Court for Williamson County. The divorce decree approved and incorporated their marital dissolution agreement in which Mr. Huggins agreed to pay (1) the minimum monthly balances on certain marital debts, (2) an additional $250 a month toward the retirement of marital credit card debts, and (3) rehabilitative alimony of $1,200 a month for five years or until the death or remarriage

of Ms. Huggins. Mr. Huggins also agreed to maintain a $100,000 term life insurance policy naming Ms. Huggins as the sole beneficiary, as well as short- and long-term disability policies sufficient to cover the required monthly payments to Ms. Huggins.

Mr. Huggins made several of the required payments but eventually defaulted. According to Mr. Huggins, he experienced financial and employment difficulties that made it impossible for him to continue making the payments. Mr. Huggins did not, however, return to court to seek a modification of the divorce decree to reduce his financial obligations. On January 23, 2002, Ms. Huggins filed a petition in the Circuit Court for Williamson County seeking to have Mr. Huggins held in civil contempt or, alternatively, criminal contempt for his failure to make the monthly payments required by the divorce decree. She also sought a judgment for the payments that Mr. Huggins had not made.

The trial court conducted a bench trial and on August 20, 2002 entered an order awarding Ms. Huggins a judgment against Mr. Huggins for $26,378 representing the balance of his unpaid obligations under the marital dissolution agreement and an additional $2,000 for attorney's fees. The trial court declined to hold Mr. Huggins in criminal contempt but held him in civil contempt and ordered him incarcerated for six months or until he "purged himself of contempt." On Mr. Huggins's motion, the trial court stayed his jail sentence pending appeal.

Mr. Huggins presses several arguments on appeal, all of which are without merit. His assertions regarding the factual basis for the arrearage judgment and the finding of contempt are undermined by his failure to provide this court with a transcript or statement of the evidence.[1] As the appellant, Mr. Huggins had the primary responsibility to prepare a factual record containing a full, accurate, and complete account of what transpired at trial with regard to the issues he planned to raise on appeal. *Davis v. Tennessean*, 83 S.W.3d 125, 127 n.2 (Tenn. Ct. App. 2001); *McDonald v. Onoh*, 772. S.W.2d 913, 914 (Tenn. Ct. App. 1989). Where, as here, an appellant fails to provide a factual record on appeal, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Craft v. Forklift Sys., Inc.*, No. M2002-00040-COA-R3-CV, 2003 WL 21642767, at *2 (Tenn. Ct. App. July 14, 2003) (No Tenn. R. App. P. 11 application filed). Thus, we reject all of Mr. Huggins's arguments challenging the evidentiary basis for the trial court's rulings.

Mr. Huggins also raises several procedural and substantive issues regarding his contempt punishment. Most of these arguments are colored by his mistaken impression that the trial court found him guilty of criminal contempt. The August 20, 2002 order clearly reflects that the trial court exonerated Mr. Huggins of the charge of criminal contempt and instead found him guilty of civil

---

[1]Mr. Huggins filed a motion in the trial court seeking approval of a statement of the evidence for use in this appeal. However, neither Mr. Huggins nor his lawyer appeared in court on the date the motion was to be heard. Accordingly, the trial court entered an order on November 26, 2002 denying the motion to approve the statement of the evidence. Mr. Huggins's lawyer conceded during oral argument before this court that the absence of a factual record of any sort placed his client at a disadvantage in this appeal.

contempt only. Thus, all of Mr. Huggins's arguments premised on his belief that he was found guilty of criminal contempt are meritless.

Tenn. R. App. P. 13(b) permits this court to address issues not raised by the parties in order to prevent prejudice to the judicial process and to prevent injury to the interests of the public. This case requires us to address a fundamental omission in the trial court's judgment of contempt even though it was not raised by Mr. Huggins.

Civil contempt, unlike criminal contempt, is designed to coerce an individual to comply with a court's order. *Doe v. Board of Prof'l Responsibility*, 104 S.W.3d 465, 473 (Tenn. 2003). Thus, before sentencing an individual to jail for civil contempt for failure to make payments required by a previous court order, the trial court must affirmatively find that the individual has the present ability to make the required payments. *Loy v. Loy*, 32 Tenn. App. 470, 479-80, 222 S.W.2d 873, 877-78 (1949); *see also Smith v. Smith*, No. M2001-02231-COA-R3-CV, 2003 WL 21230980, at *3 (Tenn. Ct. App. May 29, 2003) (No Tenn. R. App. P. 11 application filed). We have applied this rule even where the appellant failed to preserve the evidence on appeal, and the case is before this court on the technical record alone. *Chappell v. Chappell*, 37 Tenn. App. 242, 248, 255-57, 261 S.W.2d 824, 827-28, 831-32 (1952).

The August 20, 2002 order contains an express finding that Mr. Huggins was in "willful civil contempt" for failing "to maintain the payment of alimony, short-term and long-term disability insurance, and payment of the credit card debts." However, it does not contain an express finding that Mr. Huggins is presently able to make the payments required by the marital dissolution agreement. Accordingly, we vacate Mr. Huggins's six-month jail sentence for civil contempt.

## II.

We affirm the portions of the judgment requiring Mr. Huggins to pay Ms. Huggins $28,378, vacate the portion of the judgment finding Mr. Huggins in civil contempt, and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal to Theron Eugene Huggins and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.