**Charles BEARD, Sr.**

v.

**Florence Elaine BEARD (Stanley).**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

April 5, 2006 Session.

May 3, 2006.

Permission to Appeal Denied by
Supreme Court Sept. 25, 2006.

Charles Beard, Sr., Chattanooga, Tennessee, pro se Appellant.

Erskine P. Mabee, Chattanooga, Tennessee, for the Appellee, Florence Elaine Beard (Stanley).

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Charles Beard, Sr. ("Father"), acting *pro se*, appeals the trial court's judgment in this post-divorce action. Although it is difficult to ascertain from his appellate brief precisely what issues Father has attempted to raise for review, we have reviewed the entire record in this case and each of the rulings made by the trial court.

We find no error in the trial court's judgment finding Father has not paid any child support to his former wife, in violation of a prior order of the court; in awarding Florence Elaine Beard Stanley ("Mother") a $21,330 judgment in child support arrearages; in suspending Father's previously awarded parenting time until he completed a six-month counseling and anger management program; and in reducing Father's child support payments based on his then-current income. However, we vacate the trial court's judgment sentencing Father to ten days in jail for civil contempt of court, because the trial court did not make a finding of his present ability to make the required payments.

### I. Background

As this court stated a little over two years ago, "this appeal involves the continuing post-divorce discord between Mother and Father." *Beard v. Beard,* No. E2003-02131-COA-R3-CV, 2004 WL 286746 at *1 (Tenn.Ct.App.E.S., Feb. 13, 2004)("*Beard* I"). On April 29, 1998, Mother was granted a divorce from Father by order of final judgment entered by the Circuit Court for Hamilton County. It appears that the parties have engaged in nearly continuous legal wrangling ever since. *See Beard* I.

On April 29, 2005, Mother filed a petition "for contempt and to terminate parenting time" of Father. Mother alleged that previous orders of the trial court obligated Father to pay her $474 every two weeks in child support, that Father had willfully failed to pay any child support to her, and that he was $20,856 in arrears. Mother requested that the trial court find Father in contempt for his willful disregard of its orders requiring him to pay child support. Father, acting *pro se,* answered; his answer did not deny his failure to pay child support, but argued, in

essence, that he was unable to make payments due to his financial circumstances, including the allegation that he had filed for bankruptcy.

Following a hearing, the trial court entered an order on May 26, 2005, stating in relevant part the following:

At the commencement of this cause, [Father] requested that an attorney be appointed to represent him. The Court appointed Attorney Catherine C. White ... to represent [Father] at this hearing. After Attorney White had an opportunity to discuss this matter with [Father], the case proceeded to trial. Based on the testimony and the exhibits presented to the Court, the Court concludes that [Father] is in willful contempt of Court for his failure to make any payment whatsoever on his child support obligation, that his parenting time with the children should be suspended until he seeks counseling and completes an anger management course as set forth below, and that his current child support obligation should be reduced as of May 23, 2004.

It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1. [Father] be and is hereby held to be in willful contempt of Court for his failure to make any child support payments whatsoever pursuant to the order of this Court entered on June 30, 2003.

2. [Mother] be and is hereby awarded a judgment against [Father] for the sum of ... $21,330 for child support arrearages through May 23, 2005, for which execution may issue.

3. The shared parenting time previously awarded to [Father] ... with his minor children ... is hereby suspended until further order of this Court. [Father] be and is hereby ordered to attending [sic] counseling for one hour per week for the following six (6) months and to attend and complete an anger management course during this six (6) month period of time....

4. All right, title and interest which [Father] ... has in the sum of $12,004.00 now held by Mr. C. Kenneth Still, Chapter 13 [Bankruptcy] Trustee ... (which case was converted to a Chapter 7 on or about March 11, 2005) ... is hereby divested out of [Father] and is vested solely in [Mother] for her own uninterrupted use and benefit as payment towards [Father's] child support obligation....

5. [Father] be and is hereby sentenced to ten (10) days in the Hamilton County Jail for his will[ful] contempt of the orders of this Court for his failure to pay his child support obligation. However, said sentence be and is hereby suspended upon [Father's] strict compliance with the above stated provisions of this order. Upon failure to strictly comply with each and every provision of this order [Father] shall be sentenced to the Hamilton County Jail and at that time the Court may impose further penalties and incarceration for violations of this order.

6. The parties shall exchange financial information and a subsequent order shall be entered establishing current child support based on the new Tennessee Child Support Guidelines which became effective on January 18, 2005.

Subsequently, the trial court entered an order, styled "Agreed Order," reducing Father's child support obligation to $364 per month, "based on [Father's] testimony that he earned $1,349.00 per month and [Mother's] testimony ... that her current [yearly] income is $56,678.94."

Father filed a notice of appeal. No transcript of any the proceedings below has been included in the record on appeal.

When it became apparent to Mother that Father was not going to file a statement of the evidence, she filed her own statement, pursuant to Tenn. R.App. P. 24(d). Father filed an objection to Mother's statement of the evidence, in which he stated, among other things, "I chose not to present a statement of the evidence because of the bias Judge Schulten has shown, but to let her Order dated May 26, 2005 speak to her bias in this matter since October, 1998." The trial court approved Mother's statement of the evidence in accordance with Tenn. R.App. P. 24(e) and (f).

## II. Issues Presented

In his appellate brief, Father recites a list of "facts" going back to 1996, all of which refer to events that occurred prior to *Beard* I, and none of which are included in the record before us. The only sentence in his recitation of facts which arguably pertains to this record and the issues in this appeal is his statement that "Judge Schulten's records and decisions are on file." Likewise, Father has included a list of eleven "issues" in his "statement of the issues that should be reviewed." Many of these "issues" state or refer to facts not established by the record, or allude to issues not raised or adjudicated below. Consequently, it is difficult to ascertain what issues Father has intended to raise for us to review; nevertheless, we have reviewed the record in this case, such as it is, including the statement of the evidence, and the trial court's rulings as set forth in Section I above.

## III. Standard of Review

■ In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations that we must honor unless the evidence prepon-derates against those findings. Tenn. R.App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn.1995); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn.1993).

## IV. Analysis

■ In his answer and in his testimony, Father admitted that he had not paid any child support since the entry of the trial court's order on August 11, 2003. Father has not presented any argument or pointed to anything in the record that suggests that the $21,333 award against him for arrearages was erroneous. Therefore, the evidence does not preponderate against this decision and it is affirmed.

■ As noted above, the trial court ordered Father's parenting time suspended "until he seeks counseling and completes an anger management course" in accordance with the court's order. Mother testified that Father had made threats of physical violence against her and her husband; that Father used vulgar and abusive language against her; that she was fearful of him because of the threats and abusive language; and that Father "had the children upset due to his statements to them." Father denied making threats against Mother or her husband. Father has failed to direct us to any competent evidence in the record to support the conclusion that the court erred in suspending his parenting time. Father does argue, however, that the trial court "has terminated my Parenting Rights by granting a protection order against me." We do not agree that the trial court terminated his parental rights, as the court never entered any order to that effect. This issue is without

merit, and the trial court's action in this regard is affirmed.

■ The trial court found Father in civil contempt and sentenced him to ten days in jail, but suspended the sentence "upon [Father's] strict compliance with the above stated provisions of this order." We are of the opinion that the jail sentence for civil contempt must be vacated. In *Huggins v. Huggins,* a case bearing many similarities to the present one, the court stated as follows:

> Tenn. R.App. P. 13(b) permits this court to address issues not raised by the parties in order to prevent prejudice to the judicial process and to prevent injury to the interests of the public. This case requires us to address a fundamental omission in the trial court's judgment of contempt even though it was not raised by Mr. Huggins.
>
> Civil contempt, unlike criminal contempt, is designed to coerce an individual to comply with a court's order. *Doe v. Board of Prof'l Responsibility,* 104 S.W.3d 465, 473 (Tenn.2003). *Thus, before sentencing an individual to jail for civil contempt for failure to make payments required by a previous court order, the trial court must affirmatively find that the individual has the present ability to make the required payments.* *Loy v. Loy,* 32 Tenn.App. 470, 479–80, 222 S.W.2d 873, 877–78 (1949); *see also Smith v. Smith,* No. M2001–02231–COA–R3–CV, 2003 WL 21230980, at *3 (Tenn.Ct.App. May 29, 2003) (No Tenn. R.App. P. 11 application filed). We have applied this rule even where the appellant failed to preserve the evidence on appeal, and the case is before this court on the technical record alone. *Chappell v. Chappell,* 37 Tenn.App. 242, 248, 255–57, 261 S.W.2d 824, 827–28, 831–32 (1952).

*Huggins v. Huggins,* No. M2002–02072–COA–R3–CV, 2005 WL 229848 at *2 (Tenn.Ct.App.M.S., Jan. 31, 2005)(emphasis added). The *Huggins* court vacated the husband's jail sentence for contempt because the trial court's order did not contain "an express finding that Mr. Huggins is presently able to make the payments required by the marital dissolution agreement." *Id.*

The trial court's order in the present case similarly lacks an express finding that Father is able to make the child support payments required by the trial court's previous order. It results that Father's ten-day jail sentence for civil contempt must be vacated.

### V. Conclusion

For the aforementioned reasons, the judgment of the trial court sentencing Father to ten days in the Hamilton County Jail for civil contempt is vacated. The judgment of the trial court is in all other respects affirmed. Costs on appeal are assessed to the Appellant, Charles Beard, Sr.