# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 24, 2015 Session

## STATE OF TENNESSEE EX REL. REBECCA ROBINSON
## v. HAROLD NEWMAN, JR.

**Appeal from the Circuit Court for Roane County**
**No. 13869     Frank V. Williams, III, Chancellor Sitting by Interchange**

---

### No. E2014-02537-COA-R3-CV-FILED-SEPTEMBER 23, 2015

---

In this child support arrearage case Harold Newman, Jr. ("Respondent") appeals the December 23, 2014 order of the Circuit Court for Roane County ("the Trial Court") finding Respondent in civil contempt and ordering that Respondent be incarcerated in the Roane County Jail until he pays a purge amount of $150.00. We find and hold that no evidence was produced showing that Respondent had the present ability to pay $150.00, or any amount, and, therefore, the order finding Respondent in contempt and sentencing him to incarceration was in error. We reverse that portion of the Trial Court's December 23, 2014 order finding Respondent in civil contempt and sentencing Respondent to indefinite incarceration in the Roane County Jail with the ability to purge himself of contempt by making a $150.00 purge payment and remand this case to the Trial Court for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Reversed, in part; Affirmed, in part; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Allison M. Rehn, Harriman, Tennessee, for the appellant, Harold Newman, Jr.

Herbert H. Slatery, III, Attorney General and Reporter; and Rebekah A. Baker, Senior Counsel for the appellee, State of Tennessee ex rel. Rebecca Robinson.

# MEMORANDUM OPINION[1]

In April of 2014, the State of Tennessee ex rel. Rebecca Robinson ("the State") filed a Petition for Civil Contempt alleging, in pertinent part, that the Trial Court had entered an order requiring Respondent to pay $225.00 per month in current child support and $40.00 per month in child support arrears and that Respondent had failed to pay and was in willful contempt of court.[2]  After a hearing the Magistrate entered its Findings and Recommendations on September 18, 2014, *inter alia*, awarding the State a judgment against Respondent in the amount of $38,982.97 for child support arrearages as of August 31, 2014.  The September 18, 2014 Findings and Recommendations also found Respondent in contempt of court, but reserved sentencing for a future hearing.  On September 29, 2014 the Trial Court entered its order adopting and confirming the September 18, 2014 Findings and Recommendations.

After a hearing on the issue of sentencing, the Magistrate entered an order on December 17, 2014 that, *inter alia*, sentenced Respondent to indefinite incarceration in the Roane County Jail for civil contempt with the ability to purge himself of contempt by making a $150.00 purge payment.  On December 23, 2014, the Trial Court confirmed the December 17, 2014 order sentencing Respondent to incarceration for civil contempt with the ability to purge by paying $150.00.[3]

Respondent appeals to this Court raising an issue regarding whether Respondent could be held in civil contempt and incarcerated when no evidence was presented that Respondent had the ability to make a purge payment, or any payment at all.  With regard to civil contempt, this Court explained in *State ex rel. Murphy v. Franks*:

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] Respondent had been found in contempt of court for failure to pay child support by the Juvenile Court for Anderson County in February of 2002, by the Circuit Court for Roane County in October of 2007, and again by the Circuit Court for Roane County in September of 2008.

[3] Respondent filed a motion for stay pending appeal, which the Trial Court denied.  Respondent was incarcerated on December 17, 2014.  Respondent then filed a motion with this Court seeking review of the Trial Court's denial of a stay.  By order entered January 9, 2015 this Court ordered, *inter alia*, that Respondent be immediately released from custody on his own recognizance and ordered Respondent to "make all periodic payments ordered by the judgment and due and payable after the date of entry of this order while this appeal remains pending."

[C]ivil contempt is utilized "where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant." *Sullivan*, 137 S.W.2d at 307; *see also* Pivnick, Tenn. Circuit Court Practice § 3:19 (2010 ed). As stated by our Supreme Court, "[i]f imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). In a civil contempt case, the contemnor "carries the keys to the prison in his own pocket. . . ." *Id.* (citations omitted). Persons found to be in civil contempt, may purge themselves of contempt by complying with the court's order. *Ahern*, 15 S.W. 3d at 78. Civil contempt, contrary to criminal contempt, only requires that the defendant be given notice of the allegation and an opportunity to respond. *Flowers*, 209 S.W.3d at 611. To find civil contempt in a case such as this, the petitioner must establish that the defendant has failed to comply with a court order. *Chappell v. Chappell*, 37 Tenn. App. 242, 261 S.W.2d 824, 831 (Tenn. 1952). Once done, the burden then shifts to the defendant to prove inability to pay. *Id.* If the defendant makes a prima facie case of inability to pay, the burden will then shift to the petitioner to show that the respondent has the ability to pay. *State ex rel. Moore v. Owens*, No. 89-170-11, 1990 WL 8624 (Tenn. Ct. App. February 7, 1990)(reversing a finding of contempt upon holding that respondent's testimony of inability to pay was unimpeached and uncontradicted by the petitioner); *see also* Garrett, Tenn. Practice Tenn. Divorce, Alimony & Child Custody § 16-4 (2009).

\* \* \*

Findings of civil contempt, on the other hand, are reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). As stated by our Supreme Court:

> An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails to properly consider the factors customarily used to guide that discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). Discretionary decisions must take the applicable law and relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Thus, reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal

standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs [sic] reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

*Id*. In reviewing the trial court's finding of civil contempt, we review its factual findings with a presumption of correctness unless the evidence preponderates otherwise pursuant to the standard contained in Tennessee Rule of Appellate Procedure 13(d). *Id*. at 357.

*State ex rel. Murphy v. Franks*, No. W2009-02368-COA-R3-JV, 2010 WL 1730024, at **3-4 (Tenn. Ct. App. April 30, 2010), *no appl. perm. appeal filed*. "The burden is on the contemnor to show inability to perform, and where the alleged contemnor has 'voluntarily and contumaciously brought on himself disability to obey an order or decree, he cannot avail himself of a plea of inability to obey as a defense to a charge of contempt.'" *Evans v. Abdullah*, No. 01A01-9802-CV-00098, 1999 WL 20777, at *1 (Tenn. Ct. App. Jan. 20, 1999), *Rule 11 appl. perm. appeal denied June 7, 1999* (quoting *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619 (Tenn. App. 1939)).

The statement of the evidence in the record on appeal shows that Respondent testified that he had been unemployed for months prior to the December 17, 2014 hearing and was unable to pay child support; that Respondent lived in an outbuilding on his sister's property and had no rent obligation; that Respondent had been offered a job as a cook at Waffle House in Knoxville to begin on December 8, 2014, but that he was arrested on December 5, 2014 before he could start work; that at that time of his arrest Respondent had $0.71 in his pocket, which constituted the only funds Respondent had to pay child support; that Respondent owned no possessions which could be used to pay the child support arrearage as he had scrapped his truck to make a previous purge payment; that Respondent had no family members or friends on whom he could rely to pay a bond or a purge amount; and that the State put on no proof other than the arrearage calculation and its cross-examination of Respondent. The State concedes in its brief on appeal that no evidence was produced that Respondent had the current ability to pay the $150.00 purge amount, that Respondent had produced evidence of his inability to pay, and that the portion of the Trial Court's order committing Respondent to jail "cannot be sustained."

Given all of the above, we find that the portion of the Trial Court's order finding Respondent in civil contempt and committing Respondent to jail until payment of the purge amount was error. We, therefore, reverse that portion of the Trial Court's order finding Respondent in contempt and committing Respondent to incarceration in the

Roane County Jail for civil contempt with the ability to purge himself of contempt by making a $150.00 purge payment. The remainder of the Trial Court's December 23, 2014 order confirming the December 17, 2014 order is affirmed, and this cause is remanded to the Trial Court for further proceedings as necessary and consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, the State of Tennessee ex rel. Rebecca Robinson.

_____
D. MICHAEL SWINEY, JUDGE