# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 25, 2016 Session

## STATE OF TENNESSEE EX REL. KATHLENE D. WALDO
## v. JENNIFER L. WALDO

### Appeal from the Juvenile Court for Roane County
### No. 19571-JV    Dennis Humphrey, Judge

### No. E2015-01438-COA-R3-JV-FILED-JULY 28, 2016

In this child support arrearage case Jennifer L. Waldo ("Respondent") appeals the June 24, 2015 order of the Juvenile Court for Roane County ("the Trial Court") finding Respondent in civil contempt and sentencing Respondent to incarceration in the Roane County Jail with the incarceration held in abeyance so long as Respondent pays at least $50.00 per month toward child support.  We find and hold that no evidence was introduced showing that Respondent had the present ability to pay $50.00, or any amount, and, therefore, the order finding Respondent in contempt and sentencing her to incarceration held in abeyance was in error.  We reverse the Trial Court's June 24, 2015 order, and we dismiss this case.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
### Reversed and Dismissed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Mark N. Foster, Rockwood, Tennessee, for the appellant, Jennifer L. Waldo.

Herbert H. Slatery, III, Attorney General and Reporter; and M. Cameron Himes, Assistant Attorney General, for the appellee, State of Tennessee ex rel. Kathlene D. Waldo.

# MEMORANDUM OPINION[1]

This is the second time that Respondent has been before this Court after being found in civil contempt for failure to pay child support arrearages. In *State of Tennessee ex rel. Kathlene Waldo v. Jennifer Waldo*, No. E2011-02677-COA-R3-CV, 2013 WL 1319591 (Tenn. Ct. App. April 2, 2013), *no appl. perm. appeal filed* ("*Waldo I*"), this Court found and held that the record contained no evidence of Respondent's ability to pay at the time of the contempt hearing. *Id.* at *3. In *Waldo I*, we reversed the trial court's decision holding Respondent in civil contempt and incarcerating her. *Id.*

In June of 2013, the State of Tennessee ex rel. Kathlene D. Waldo[2] ("the State") filed a new Petition for Civil Contempt alleging, in pertinent part, that the Trial Court had entered an order requiring Respondent to pay $220.00 per month in child support arrears and that Respondent had failed to pay and was in willful contempt of court. After a hearing, the Magistrate entered an Agreed Order on December 17, 2014, *inter alia*, awarding the State a judgment against Respondent in the amount of $7,763.00 for child support arrearages through November 30, 2014. The December 17, 2014 Agreed Order also found Respondent in contempt of court, but reserved sentencing for a future hearing.

After a hearing on the issue of sentencing, the Magistrate entered an order on March 25, 2015 that, *inter alia*, found the judgment amount to be $6,935.88 computed through February 28, 2015, and sentenced Respondent to indefinite incarceration in the Roane County Jail for civil contempt with the incarceration to be held in abeyance so long as Respondent paid at least $50.00 per month toward the child support arrearages. On June 24, 2015, the Trial Court confirmed the March 25, 2015 order sentencing Respondent to incarceration for civil contempt with the incarceration held in abeyance so long as Respondent paid $50.00 per month toward the child support arrearages, but modified the order of the Magistrate such that an attachment would not automatically issue if Respondent failed to pay in any given month. The Trial Court's order provided instead that a show cause order may be issued requiring Respondent to show cause why the attachment should not issue.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] In *Waldo* I, this Court noted: "By suggestion of death the court was notified that Kathlene Waldo passed away on November 10, 2012." *State v. Waldo*, 2013 WL 1319591 at *1 n.1.

Respondent appeals to this Court raising an issue regarding whether Respondent could be held in civil contempt and incarcerated when no evidence was presented that Respondent had the present ability to pay $50.00 per month, or any payment at all. With regard to civil contempt, this Court explained in *State ex rel. Murphy v. Franks*:

> [C]ivil contempt is utilized "where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant." *Sullivan*, 137 S.W.2d at 307; *see also* Pivnick, Tenn. Circuit Court Practice ' 3:19 (2010 ed). As stated by our Supreme Court, "[i]f imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). In a civil contempt case, the contemnor "carries the keys to the prison in his own pocket. . . ." *Id*. (citations omitted). Persons found to be in civil contempt, may purge themselves of contempt by complying with the court's order. *Ahern*, 15 S.W.3d at 78. Civil contempt, contrary to criminal contempt, only requires that the defendant be given notice of the allegation and an opportunity to respond. *Flowers*, 209 S.W.3d at 611. To find civil contempt in a case such as this, the petitioner must establish that the defendant has failed to comply with a court order. *Chappell v. Chappell*, 37 Tenn. App. 242, 261 S.W.2d 824, 831 (Tenn. 1952). Once done, the burden then shifts to the defendant to prove inability to pay. *Id*. If the defendant makes a prima facie case of inability to pay, the burden will then shift to the petitioner to show that the respondent has the ability to pay. *State ex rel. Moore v. Owens*, No. 89-170-11, 1990 WL 8624 (Tenn. Ct. App. February 7, 1990)(reversing a finding of contempt upon holding that respondent's testimony of inability to pay was unimpeached and uncontradicted by the petitioner); *see also* Garrett, Tenn. Practice Tenn. Divorce, Alimony & Child Custody ' 16-4 (2009).

* * *

> Findings of civil contempt, on the other hand, are reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). As stated by our Supreme Court:

>> An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails to properly consider the factors customarily used to guide that discretionary decision. *State v. Lewis*, 235

S.W.3d 136, 141 (Tenn. 2007). Discretionary decisions must take the applicable law and relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Thus, reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs [sic] reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

*Id.* In reviewing the trial court's finding of civil contempt, we review its factual findings with a presumption of correctness unless the evidence preponderates otherwise pursuant to the standard contained in Tennessee Rule of Appellate Procedure 13(d). *Id.* at 357.

*State ex rel. Murphy v. Franks*, No. W2009-02368-COA-R3-JV, 2010 WL 1730024, at **3-4 (Tenn. Ct. App. April 30, 2010), *no appl. perm. appeal filed*. "The burden is on the contemnor to show inability to perform, and where the alleged contemnor has 'voluntarily and contumaciously brought on himself disability to obey an order or decree, he cannot avail himself of a plea of inability to obey as a defense to a charge of contempt.'" *Evans v. Abdullah*, No. 01A01-9802-CV-00098, 1999 WL 20777, at *1 (Tenn. Ct. App. Jan. 20, 1999), *Rule 11 appl. perm. appeal denied June 7, 1999* (quoting *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619 (Tenn. App. 1939)).

The statement of the evidence in the record on appeal shows, *inter alia*, that Respondent testified that she was being represented by an attorney in her claim against her former employer that she had been terminated by that employer in October of 2014 in retaliation for asserting the right to be paid minimum wage; that Respondent understood that she had by order entered in December of 2014 provided the State with a security interest in the proceeds of her claim against her former employer; that Respondent testified that since February of 2015 she had been making what payment she could on her child support obligation; that Respondent's 2014 income tax return had been intercepted and that Respondent believed it was being applied to her obligation in this case; that the Magistrate asked Respondent how much she thought she would be able to pay in the future every month and Respondent stated that she thought she would be able to pay $50.00 every month in the future; and that Respondent testified that she did not have the funds on March 25, 2015 to be able to make any payment on that date.

The State concedes in its brief on appeal that no evidence was produced that

Respondent had the current ability to pay $50.00, that Respondent had produced evidence of her inability to pay, but that the Trial Court had "determined her *future* ability to pay," and based its order upon this future ability. The State also concedes in its brief on appeal that the portion of the Trial Court's order committing Respondent to jail "is an impermissible suspended sentence . . . for civil contempt because there is no purge payment to release [Respondent] from contempt." As this Court noted in *Mayer v. Mayer*: "There is no such thing as a suspended sentence for civil contempt. There is also no such thing as contempt in futuro." *Mayer v. Mayer*, 532 S.W.2d 54, 60 (Tenn. Ct. App. 1975).

Given all of the above, we find and hold that the Trial Court's order finding Respondent in civil contempt and sentencing Respondent to jail with the incarceration to be held in abeyance as long as Respondent paid $50.00 per month was error. We, therefore, reverse the Trial Court's order, and we dismiss this case. The costs on appeal are assessed against the appellee, the State of Tennessee ex rel. Kathlene D. Waldo.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

5