IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 6, 2013 Session

## PRISCILLA LEE SLAGLE v. LAWRENCE FRED SLAGLE

**Appeal from the Probate & Family Court for Cumberland County**
**No. 17140     John R. Officer, Special Judge Sitting By Interchange**

---

**No. E2013-01480-COA-R3-CV-FILED-FEBRUARY 18, 2014**

---

Lawrence Fred Slagle ("Husband") appeals the Trial Court's finding that he has the ability to pay to purge his civil contempt. We find no error in the Trial Court's determination that Husband failed to make a prima facie showing that he had an inability to pay the purge amount, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate & Family Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Lawrence Fred Slagle.

Randal R. Boston and Kevin D. Poore, Crossville, Tennessee, for the appellee, Priscilla Lee Slagle.

**OPINION**

**Background**

Priscilla Lee Slagle ("Wife") and Husband are divorced. During the pendency of the divorce suit in 2009, the Trial Court found Husband to be in civil contempt for failing to comply with discovery requests and for dissipating marital assets. Husband appealed to

this Court, and in *Slagle v. Slagle* ("*Slagle I*"), we affirmed the judgment as to the contempt.[1] *Slagle v. Slagle*, No. E2012-00785-COA-R3-CV, 2011 Tenn. App. LEXIS 281 (Tenn. Ct. App. April 30, 2012), *no appl. perm. appeal filed*. In order to provide background with regard to the issue involved in this appeal, we note that in *Slagle I* we quoted from the Trial Court's final decree stating:

> The Court[] previously found [Husband] to be in willful contempt of injunctions contained in with [the] Divorce Complaint in May 2007, specifically the transfer of $498,154.81 in marital assets[,] after receiving the Summons of Complaint[,] in the previous Order . . . entered on September 22, 20[09]. An additional $110,000 was proven to have been taken by [Husband] at the December 3, 2010 hearing.

> [Husband] was given the opportunity to purge himself of the willful contempt by depositing no less than $498,154.81 with the . . . Court . . . on or before October 15, 2009 or alternatively to turn himself into the . . . Justice Center . . . until such time that he tendered the amount withdrawn.

> As of the . . . final hearing . . ., [Husband] has continued to be in contempt of the Court's September 2009 Order by failing to abide by the Court's Order to tender the funds or turn himself in . . . for incarceration.

*Slagle I*, 2012 Tenn. App. LEXIS 281, at **17-18 (footnote omitted).

Husband failed to tender the money or turn himself in on or before October 15, 2009, and instead "fled the court's jurisdiction to avoid being jailed for contempt . . . ." *Id.* at *26. The Trial Court issued a Mittimus on October 16, 2009 for Husband to be jailed "UNTIL HE IS ABLE TO PURGE HIMSELF IN THE AMOUNT OF $498154.81 OR UNTIL FURTHER ORDERS OF [THE TRIAL COURT]." Husband was arrested and jailed on February 28, 2013.

After Husband was arrested, the Trial Court held a hearing and entered an order on April 1, 2013 finding and holding, *inter alia*:

---

[1] In *Slagle I*, we reversed "that part of the judgment barring contact between Husband and the child and downwardly adjust[ed] the award of alimony to $3,200 per month," and affirmed the remainder of the judgment. *Slagle I*, 2012 Tenn. App. LEXIS 281, at *2.

3. That based upon hearing Mr. Slagle testify in August 2009 and today, the Court cannot in good conscious [sic] award any level of credibility to Mr. Slagle and in fact awards no credibility to Mr. Slagle's testimony at all.

4. Mr. Slagle testified that he had no assets other than a mutual fund and an unencumbered condo in Ft. Myers, Florida. Based upon a letter from U.S. Bank entered as an exhibit to his testimony dated in [sic] November 8, 2012, it was apparent that Mr. Slagle's current balances total more that [sic] $150,000 on deposit with U.S. Bank on the date letter [sic] was produced. The letter also indicated that Mr. Slagle has held several types of accounts with U.S. Bank including personal and business checking accounts, certificates of deposit, loans, investments and business credit cards. The letter further indicated Mr. Slagle has had deposit balances in the past totaling $500,000.

5. Furthermore, the Court finds that Mr. Slagle became very upset when the letter was discovered by Counsel for Mrs. Slagle and commented to the Court that the letter was a personal record and should not have been provided.

6. That Lawrence Fred Slagle, Jr. continues to be found in civil contempt of this Court's prior Order and shall remain in custody of the Cumberland County Sheriff's Department until such time that he purges the contempt by paying into the clerk of the Court the sum of $498,154.81[.]

Husband filed a motion to reconsider. The Trial Court held a hearing on Husband's motion to reconsider on June 10, 2013 and allowed Husband the opportunity to present evidence at this hearing. The Trial Court entered its order on June 21, 2013 denying Husband's motion to reconsider and incorporating by reference its findings announced from the bench, which provide, in pertinent part:

Every time Mr. Slagle has testified, his attitude and credibility have disturbed me. The proof has shown in this case that there has been a significant amount of money in Mr. Slagle's possession. The proof has been such that I think the plaintiff has shifted the burden so to speak, that Mr. Slagle could give some proof, some credible proof as to what's happened to this money. He's taken the 5th Amendment. He's said there's no record, he's dealing with cash transactions of hundreds of thousands of dollars and he's asking us to take his word. And his word have [sic] proven to have very little value.

The credit card accounts don't concern me at all. The fact that he's got assets that he could, that he admits to having, that he could use possibly to convince this Court to give him some relief. The fact that he refuses to do so, you know, I think are very important factors.

Husband appeals to this Court.

## **Discussion**

Although not stated exactly as such, Husband raises one issue on appeal: whether the evidence preponderates against the Trial Court's finding that Husband has the ability to pay $498,154.81 to purge his contempt. Husband also filed a motion seeking to have this Court recognize post-judgment facts regarding the alleged fact that Wife executed upon Husband's retirement account.

We first address Husband's motion to consider post-judgment facts. Rule 14 of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> **Rule 14. Consideration of Post-Judgment Facts in the Appellate Court.** – (a) Power to Consider Post-Judgment Facts. – The Supreme Court, Court of Appeals, or Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. . . .

Tenn. R. App. P. 14.

The alleged post-judgment facts Husband seeks to have this Court recognize are heavily fact-dependent and have no bearing on whether the Trial Court erred in finding that Husband failed to prove an inability to pay the purge amount. In fact, if Wife was able to successfully execute upon an account of Husband's as Husband claims, and we make no finding regarding the truth of Husband's allegation, such a fact would seem to support the Trial Court's finding that Husband had assets with which to pay the purge amount. In the exercise of our discretion, we decline to recognize the alleged post-judgment facts and deny Husband's motion.

-4-

We next consider Husband's issue regarding whether the evidence preponderates against the Trial Court's finding that Husband has the ability to pay $498,154.81 to purge his contempt. Husband was found to be in civil contempt, and this finding was affirmed in *Slagle I*. *Slagle*, 2012 Tenn. App. LEXIS 281.

As this Court explained in *State ex rel. Murphy v. Franks*:

[C]ivil contempt is utilized "where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant." *Sullivan*, 137 S.W.2d at 307; *see also* Pivnick, Tenn. Circuit Court Practice § 3:19 (2010 ed). As stated by our Supreme Court, "[i]f imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). In a civil contempt case, the contemnor "carries the keys to the prison in his own pocket. . . ." *Id*. (citations omitted). Persons found to be in civil contempt, may purge themselves of contempt by complying with the court's order. *Ahern*, 15 S.W. 3d at 78. Civil contempt, contrary to criminal contempt, only requires that the defendant be given notice of the allegation and an opportunity to respond. *Flowers*, 209 S.W.3d at 611. To find civil contempt in a case such as this, the petitioner must establish that the defendant has failed to comply with a court order. *Chappell v. Chappell*, 37 Tenn. App. 242, 261 S.W.2d 824, 831 (Tenn. 1952). Once done, the burden then shifts to the defendant to prove inability to pay. *Id*. If the defendant makes a prima facie case of inability to pay, the burden will then shift to the petitioner to show that the respondent has the ability to pay. *State ex rel. Moore v. Owens*, No. 89-170-11, 1990 Tenn. App. LEXIS 74, 1990 WL 8624 (Tenn. Ct. App. February 7, 1990)(reversing a finding of contempt upon holding that respondent's testimony of inability to pay was unimpeached and uncontradicted by the petitioner); *see also* Garrett, Tenn. Practice Tenn. Divorce, Alimony & Child Custody § 16-4 (2009).

* * *

Findings of civil contempt, on the other hand, are reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). As stated by our Supreme Court:

An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails

to properly consider the factors customarily used to guide that discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). Discretionary decisions must take the applicable law and relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Thus, reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs [sic] reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

*Id*. In reviewing the trial court's finding of civil contempt, we review its factual findings with a presumption of correctness unless the evidence preponderates otherwise pursuant to the standard contained in Tennessee Rule of Appellate Procedure 13(d). *Id*. at 357.

*State ex rel. Murphy v. Franks*, No. W2009-02368-COA-R3-JV, 2010 Tenn. App. LEXIS 307, at **10-14 (Tenn. Ct. App. April 30, 2010), *no appl. perm. appeal filed*. "The burden is on the contemnor to show inability to perform, and where the alleged contemnor has 'voluntarily and contumaciously brought on himself disability to obey an order or decree, he cannot avail himself of a plea of inability to obey as a defense to a charge of contempt.'" *Evans v. Abdullah*, No. 01A01-9802-CV-00098, 1999 Tenn. App. LEXIS 42, at *2 (Tenn. Ct. App. Jan. 20, 1999), *Rule 11 appl. perm. appeal denied June 7, 1999* (quoting *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619 (Tenn. App. 1939)).

Husband does not, and can not, argue in this appeal that the Trial Court erred in holding him in contempt. The finding of contempt was affirmed in *Slagle I*, and is the law of the case. *Slagle*, 2012 Tenn. App. LEXIS 281. Wife proved that Husband failed to comply with an order of the Trial Court, and the Trial Court found that Husband had the ability to pay at the time the contempt was imposed.

Instead, what Husband is arguing in this appeal is that the Trial Court erred in finding that Husband continues to have the ability to pay. We note that the Trial Court found that Husband had the ability to pay at the time the contempt was imposed, but that instead of paying Husband fled and avoided the jurisdiction of the court for several years. Husband now claims that he no longer has the money. The Trial Court, however, found that Husband has provided no "credible proof as to what's happened to this money."

The Trial Court held not one, but two hearings during which Husband was allowed to present evidence regarding his alleged inability to pay the purge amount, among other things. After hearing Husband's evidence and carefully considering it, the Trial Court found that it "cannot in good conscious [sic] award any level of credibility to Mr. Slagle and in fact awards no credibility to Mr. Slagle's testimony at all."

Our Supreme Court has instructed:

When credibility and weight to be given testimony are involved, considerable deference must be afforded to the trial court when the trial judge had the opportunity to observe the witnesses' demeanor and to hear in-court testimony. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997) (quoting *Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996)). Because trial courts are able to observe the witnesses, assess their demeanor, and evaluate other indicators of credibility, an assessment of credibility will not be overturned on appeal absent clear and convincing evidence to the contrary. *Wells v. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

*Hughes v. Metro. Gov't of Nashville and Davidson County*, 340 S.W.3d 352, 360 (Tenn. 2011).

The Trial Court had the opportunity to observe Husband and to hear Husband's in-court testimony, and the Trial Court found Husband to be completely not credible. We give the Trial Court's finding regarding Husband's credibility great weight on appeal. We also find that the evidence certainly is not clear and convincing to the contrary as to the Trial Court's assessment of Husband's total lack of credibility.

The Trial Court also specifically found:

4. Mr. Slagle testified that he had no assets other than a mutual fund and an unencumbered condo in Ft. Myers, Florida. Based upon a letter from U.S. Bank entered as an exhibit to his testimony dated in [sic] November 8, 2012, it was apparent that Mr. Slagle's current balances total more that [sic] $150,000 on deposit with U.S. Bank on the date letter [sic] was produced. The letter also indicated that Mr. Slagle has held several types of accounts with U.S. Bank including personal and business checking accounts, certificates of deposit, loans, investments and business credit cards. The letter further indicated Mr. Slagle has had deposit balances in the past totaling $500,000.

5. Furthermore, the Court finds that Mr. Slagle became very upset when the letter was discovered by Counsel for Mrs. Slagle and commented to the Court that the letter was a personal record and should not have been provided.

Husband had the burden of proving his inability to pay the purge amount. The Trial Court implicitly found that Husband did not carry his burden of making a prima facie case showing that he had an inability to pay the purge amount. As such, the burden never shifted to Wife to show Husband's continuing ability to pay. We find no error in the Trial Court's finding that Husband failed to carry his burden of making a prima facie case showing he had an inability to pay the purge amount, and we, therefore, affirm the Trial Court's judgment.

We note that Wife asks in the conclusion section of her brief for this Court to award her attorney's fees "for the continuation of frivolous pleadings." Wife, however, failed to properly raise this as an issue in her statement of the issues. As this Court has stated: "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). As Wife failed to include the issue of frivolous appeal in her statement of the issues, this issue has been waived.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Lawrence Fred Slagle, and his surety.

_____
D. MICHAEL SWINEY, JUDGE